IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAVONDA CROSS             *
                          *
       v.                 *     Civil Case No. CCB-16-3718
                          *
COMMISSIONER, SOCIAL SECURITY *
                          *
          *************

# REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Plaintiff, Lavonda Cross, who is appearing *pro se*, did not file a motion for summary judgment and did not respond to the Commissioner's Motion for Summary Judgment.[1]  I have considered the Commissioner's pending Motion for Summary Judgment. [ECF No. 17]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, I recommend that the Commissioner's motion be denied, the decision of the Commissioner be reversed in part, and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Cross filed her application for supplemental security income on July 26, 2012, alleging a disability onset date of June 28, 2012. (Tr. 134-39). Her application was denied initially and on reconsideration. (Tr. 80-83, 89-92). A hearing was held on May 5, 2015. (Tr. 38-56). After the hearing, the Administrative Law Judge ("ALJ") issued an opinion denying

---

[1] On May 15, 2017, this Court sent Ms. Cross a Rule 12/56 letter, informing her that she had seventeen (17) days to respond to the Commissioner's Motion for Summary Judgment. [ECF No. 18].

benefits. (Tr. 23-37). The Appeals Council ("AC") denied review, making the ALJ's decision the final, reviewable decision of the Agency. (Tr. 1-7).

The ALJ found that, during the relevant time frame, Ms. Cross suffered from the severe impairments of "mood disorder; anxiety disorder; personality disorder." (Tr. 28). Despite these impairments, the ALJ determined that Ms. Cross retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can tolerate only occasional contact with co-workers, supervisors, and/or the general public due to limitations in social functioning. She is also limited to only simple, routine, repetitive tasks, due to limitations in concentration, persistence, or pace.

(Tr. 30). After considering testimony from a vocational expert ("VE"), the ALJ determined that there were jobs existing in significant numbers in the national economy that Ms. Cross could perform. (Tr. 33-34). Therefore, the ALJ concluded that Ms. Cross was not disabled. (Tr. 34).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, while substantial evidence supports some portions of the ALJ's decision, the analysis is deficient under the Fourth Circuit opinion in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Accordingly, I recommend remand.

At step one, the ALJ found in Ms. Cross's favor that she had not engaged in substantial gainful activity since her application date. (Tr. 28). At step two, the ALJ found the severe

impairments listed above, and found that any other alleged impairments, including obesity, were nonsevere. *Id*.

At step three, the ALJ specifically considered Ms. Cross's obesity, in addition to mental Listings 12.04 and 12.06. (Tr. 29). In applying the special technique for consideration of mental impairments, the ALJ concluded, among other findings, that Ms. Cross had moderate difficulties in concentration, persistence, or pace. *Id.*

In determining the RFC assessment, the ALJ summarized Ms. Cross's allegations about her inability to work. (Tr. 31). The ALJ further analyzed the "limited" medical evidence from treatment notes and a consultative examination, including the Global Assessment of Functioning ("GAF") scores assessed at various points in time. (Tr. 31-32). The ALJ found that Ms. Cross's assertions were not entirely credible, citing subjective evidence including Ms. Cross's own statements. *Id*. The ALJ assigned "little weight" to a GAF score of 47 from June, 2014, since the ALJ found it to be "inconsistent with the course of treatment, extent of activities of daily living, and progress notes." (Tr. 32). The ALJ also assigned "little weight" to the opinions of Adrienne Dulaj, a licensed clinical social worker, and Dr. Doug Gartrell. (Tr. 32). Finally, the ALJ assigned "significant weight" to the findings of the State agency medical consultants. *Id.*

Continuing at step four, the ALJ found that Ms. Cross was unable to perform her past relevant work as a cashier and meter attendant. (Tr. 32). At step five, the ALJ posed hypotheticals to the VE to determine whether a person with each set of hypothetical criteria would be able to find work. (Tr. 52-54). Ultimately, the ALJ determined that Ms. Cross's RFC matched one of the hypotheticals he had posed. (Tr. 30, 52-53). The VE cited several jobs in

response to that hypothetical, and the ALJ relied on that VE testimony in his opinion.[2] *See id.;* (Tr. 33-34).

The function of this Court is not to review Ms. Cross's claims *de novo* or to reweigh the evidence of record. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g) and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this Court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also* 42 U.S.C. § 405(g). I am unable to recommend that finding here.

In *Mascio*, the Fourth Circuit determined that remand was warranted for several reasons, including a discrepancy between the ALJ's finding at step three concerning the claimant's limitation in concentration, persistence, and pace, and his RFC assessment. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. Most listings therein consist of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area,

---

[2] It appears that the VE also found that a person with Ms. Cross's RFC could perform her past relevant work as a meter attendant. (Tr. 52). Even if the ALJ erred in concluding otherwise without explanation, the error is harmless since the VE identified other jobs in response to the hypothetical.

4

based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.*; *see* 20 C.F.R. § 404.1520a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas, along with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function." *Id.* at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* at § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

The RFC assessment is distinct, but not wholly independent, from the ALJ's application of the special technique at step three. In *Mascio*, the Fourth Circuit voiced its agreement with other circuits "that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (joining the Third, Seventh, Eighth, and Eleventh Circuits) (citation and internal quotation marks omitted). The Fourth Circuit explained that "the ability to perform

5

simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* In so holding, however, the Fourth Circuit noted the possibility that an ALJ could offer an explanation regarding why a claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC assessment, such that the apparent discrepancy would not constitute reversible error.

In this case, at step three, the ALJ's analysis consisted, in its entirety, of the following:

> The claimant also has moderate difficulties with regard to concentration, persistence or pace. She revealed that she is able to pay bills, count change, and handle a savings account. She wrote that she handles both stress and changes in routine "not well at all," though. Claimant went on to indicate that she has difficulty focusing her attention.

(Tr. 29) (internal citations omitted). With respect to relevant limitations in the RFC assessment, the ALJ in this case limited Ms. Cross to "simple, routine, repetitive tasks." (Tr. 30). That limitation is on all fours with the limitation the Fourth Circuit deemed inadequate in *Mascio,* and similarly does not address Ms. Cross's ability to remain on task for the duration of a workday.

In fact, the issue may lie in the ALJ's finding of moderate, instead of mild or no, limitations in concentration, persistence, or pace. The ALJ assigned "significant" weight to the opinions of the State agency physicians who found only mild limitations. (Tr. 32). Moreover, the only support the ALJ cited for the finding of moderate limitations consisted of statements by Ms. Cross, and the ALJ also found her less than credible. (Tr. 29, 31). Ultimately, under *Mascio,* more analysis is required to explain the finding of moderate limitations and/or the lack of an RFC limitation addressing concentration, persistence, or pace. Remand is therefore appropriate. In recommending remand, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Cross is not entitled to benefits is correct or incorrect.

In addition, although it may not constitute independent grounds for remand, I note that that ALJ's discussion of the medical source statement of Dr. Doug Gartrell is lacking in relevant detail. (Tr. 32). The ALJ does not provide any information about the longitudinal relationship between Dr. Gartrell and Ms. Cross, and does not provide any specific reasons for the assignment of "little weight" to his opinion, other than a general assertion that the opinion is "inconsistent" with other evidence. (Tr. 32). Similarly, little discussion is provided regarding the opinion of the licensed clinical social worker, Ms. Dulaj. *Id.* On remand, the ALJ should evaluate whether further discussion is required, particularly because Dr. Gartrell appears from the record to have been a treating physician in 2014 and 2015.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court DENY Defendant's Motion for Summary Judgment, [ECF No. 17]; REVERSE IN PART the decision of the Commissioner; REMAND the case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this Report and Recommendations; and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from

challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: July 10, 2017

/s/
Stephanie A. Gallagher
United States Magistrate Judge